UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ARTHUR NUNN, | No. 2:24-cv-00676-TLN-EFB |
| Petitioner, | |
| v. | **ORDER** |
| STEFANIE KEENAN, | |
| Respondent. | |

Petitioner Joseph Arthur Nunn ("Petitioner"), a state prisoner proceeding with counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 13, 2025, the magistrate judge filed findings and recommendations herein which were served on Petitioner and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 12.) Petitioner filed objections. (ECF No. 14.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. *See also Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007). Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

1   The Court has considered but is unpersuaded by Petitioner's objection to the findings and recommendations. (ECF No. 14.) While Petitioner may disagree with the state court's ultimate conclusions, this Court agrees with the magistrate judge's finding that the state court reasonably applied clearly established law in rejecting Petitioner's insufficient evidence, exclusion of evidence, and ineffective assistance of counsel claims.

With respect to Petitioner's ability-to-pay determination claim, the Court again agrees with the magistrate judge's conclusion and finds Petitioner's claim is not cognizable in habeas corpus. In his objection, Petitioner recasts his argument as challenging not only the failure to conduct an ability-to-pay determination, but the sentencing proceeding itself. (ECF No. 14 at 8–10.) Petitioner now claims that the failure to conduct an ability-to-pay determination is "a procedural defect that implicates the fairness and integrity of the sentencing proceeding itself," and "tainted the overall sentencing process." (ECF No. 14 at 8.) Petitioner provides no further detail that would allow the Court to ascertain how the lack of an ability-to-pay determination connects to Petitioner's incarceration. Put another way, even if the state court had held an ability-to-pay hearing and Petitioner was relieved of his obligation to pay court fees, there is no indication his custody would be any different. As the Ninth Circuit held in *Bailey v. Hill*, 599 F.3d 976 (9th Cir. 2010), the plain language of § 2254(a) requires a state prisoner asserting a habeas claim "must allege that his or her custody is in violation of federal law." *Id.* at 983. As this claim does not in any discernable way challenge Petitioner's custody, the Court lacks jurisdiction.

Finally, Petitioner's objection does not address whether a certificate of appealability should issue and, if so, why and as to which issues. (ECF No. 12 at 34.) Here, Petitioner has not "made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court declines to issue a certificate of appealability.

///
///
///
///

2

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 12) are ADOPTED in full;
2. The petition for writ of habeas corpus (ECF No. 1) is DENIED;
3. The Clerk of Court is directed to close the case; and
4. The Court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Date: September 26, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE